UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TYRONE MCMILLIAN,

                                        Plaintiff,

         v.                                                              9:17-CV-1117
                                                                         (GLS/CFH)

PAUL J. VANBLARCUM et al.,

                                        Defendants.

_____

APPEARANCES:

TYRONE MCMILLIAN
18-A-0017
Plaintiff, Pro se
Downstate Correctional Facility
Box F
Fishkill, NY 12324

GARY L. SHARPE
Senior United States District Judge

**DECISION AND ORDER**

**I.     INTRODUCTION**

        Pro se plaintiffs Tyrone McMillian ("Plaintiff") and Henry Clayton ("Clayton") filed a civil

rights complaint.  Dkt. No. 1.  On October 11, 2017, the Court administratively closed the

action due to Plaintiffs' failure to comply with the filing fee requirements.  Dkt. No. 5.  The

Court afforded both plaintiffs the opportunity to comply with the filing fee requirement or

submit an in forma pauperis application ("IFP Application") and Inmate Authorization Form.

*Id.*  On October 23, 2017, Plaintiff submitted an IFP Application and an inmate authorization

form. Dkt. Nos. 3, 7.  In a Decision and Order filed on December 4, 2017 (the "December

Order"), the Court granted Plaintiff's IFP Application.  Dkt. No. 10 at 4.  Clayton was directed

to either (a) pay the Court's filing fee of three hundred fifty dollars ($350.00) in full or (b) submit a completed, signed, and certified IFP Application and a signed inmate authorization form reflecting his consent to pay the $350.00 filing fee over time, in installments; and provide the Court with an address where he is able to receive mail. *Id*. at 5. Clayton was cautioned that, if he failed to comply with the December Order within thirty days of its filing, he would be dismissed from this action as a plaintiff, without prejudice, without further order of the Court. *Id.* at 5-6.

Clayton has failed to comply with the December Order. By the terms of the December Order, Clayton is dismissed as a plaintiff herein, and the docket has been edited to reflect his dismissal. Plaintiff, who is currently confined within the New York State Department of Corrections and Community Supervision (DOCCS) at Downstate Correctional Facility ("Downstate C.F."), has complied with the December Order and thus, is the only remaining plaintiff in this action. Dkt. No. 10. The Court shall now review the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. The Court will also discuss Plaintiff's motion for the appointment of counsel. Dkt. No. 4.

## II.    INITIAL SCREENING

Having found that Plaintiff meets the financial criteria for commencing this action in forma pauperis, and because plaintiff seeks relief from an officer or employee of a governmental entity, the Court must consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. §§ 1915(e) and 1915A. Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action .

. . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

Similarly, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (noting that Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee).

Additionally, when reviewing a complaint, the Court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, No. 95-CV-0063 (TJM), 162 F.R.D. 15, 16 (N.D.N.Y. June 23, 1995) (other citations omitted)).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Thus, a pleading that contains only allegations which "are so vague as to fail to give the defendants adequate notice of the claims against them" is subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

## III.    SUMMARY OF THE COMPLAINT

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which establishes a cause of action for " 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted); *see also Myers v. Wollowitz*, No. 6:95-CV-0272 (TJM/RWS), 1995 WL 236245, at *2 (N.D.N.Y. Apr. 10, 1995) (stating that "§ 1983 is the vehicle by which individuals may seek redress for alleged violations of their constitutional rights." (citation omitted)). "Section 1983 itself creates no substantive rights, [but] . . . only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James,*

13 F.3d 515, 519 (2d Cir. 1993) (citation omitted).  The Court will construe the allegations in the Complaint with the utmost leniency.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a *pro se* litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

The incidents that form the foundation for the Complaint allegedly occurred while Plaintiff was confined at Ulster County Jail ("Ulster C.J.").  *See* Compl., *generally*.  On March 28, 2017, Plaintiff arrived at Ulster C.J. and received a jumpsuit, socks, underwear, shirt, blanket, and sheets.  *Id*. at 1.  The clothing and bedding was laundered with ECO-LAB laundry detergent and stain remover.  *Id*.  Plaintiff claims that the ECO-LAB products were intended for industrial use, not personal laundry.  *Id*. at 5.  Plaintiff asserts that the products contain "extreme hazardous warning labels" indicating that use of the products may cause, among other things, fire, eye irritation, and cancer.  Compl. at 2.  Plaintiff was compelled to utilize these products and was not provided with the warning labels or cautioned about the potential side effects of the products.  *Id*. at 3.  As a result of using these products, Plaintiff suffered from a rash, "burning of the skin," and bumps.  *Id.* at 4, 7.

Construed liberally, Plaintiff claims that defendants Sheriff Paul J. VanBlarcum and Superintendent James Hanstein violated his Eighth Amendment[2] rights.  *See* Compl. at 2-4.  Plaintiff seeks monetary relief.  *See id.* at 7.

## IV.    ANALYSIS

"It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright*

---

[2]  As described below, Plaintiff's status as either a pretrial detainee or convicted prisoner affects whether the claims sound in the Eighth or Fourteenth Amendment.

*v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting, *inter alia*, *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  Thus, a Section 1983 plaintiff must "allege a tangible connection between the acts of the defendant and the injuries suffered." *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).

If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of respondeat superior) is insufficient to show his or her personal involvement in that unlawful conduct.  *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501.  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Prior to *Iqbal*, the Second Circuit held that supervisory personnel may be considered "personally involved" only if they (1) directly participated in the alleged constitutional violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring.  *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citing *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986)).[3]  Plaintiff cannot premise Section

---

[3] The Second Circuit has not yet addressed how the Supreme Court's decision in *Iqbal* affected the standards in *Colon* for establishing supervisory liability.  *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (noting that Iqbal may have "heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations" but not reaching the impact of *Iqbal* on *Colon* because the complaint "did not adequately plead the Warden's personal involvement even under *Colon*"); *see also Hogan v. Fischer*, 738 F.3d 509, 519 n.3 (2d Cir. 2013) (expressing "no view on the extent to which [*Iqbal*] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations[.]") (citing *Grullon,* 720 F.3d at 139).

1983 liability on a defendant's position in the prison hierarchy. *See Colon*, 58 F.3d at 874. "A prison official may be found to have had a sufficiently culpable state of mind if he participated directly in the alleged event, or learned of the inmate's complaint and failed to remedy it, or created or permitted a policy that harmed the inmate, or acted with gross negligence in managing subordinates." *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir. 2001) (citations and internal quotations omitted).

Vague and conclusory allegations that a supervisor has failed to properly monitor the actions of subordinate employees do not suffice to establish the requisite personal involvement and support a finding of liability. *Pettus v. Morgenthau*, 554 F.3d 293, 300 (2d Cir. 2009) ("To the extent that [a] complaint attempts to assert a failure-to-supervise claim ... [that claim is insufficient where] it lacks any hint that [the supervisor] acted with deliberate indifference to the possibility that his subordinates would violate [plaintiff's] constitutional rights.").

## A.     Claims Against Ulster C.J.

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity."  U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984).  Eleventh Amendment immunity is lost only if Congress unequivocally

7

abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

To the extent that Plaintiff seeks monetary damages for his § 1983 claims against Ulster C.J., those claims are dismissed as Plaintiff seeks monetary relief from defendants immune from suit under section 1983. *See Simmons v. Gowanda Corr. Facility*, No. 13-CV-0647, 2013 WL 3340646, at *2 (W.D.N.Y. July 1, 2013) ("the New York State Department of Corrections and [the named correctional facility] enjoy the same Eleventh Amendment immunity from suit in federal court as enjoyed by the state itself") (quoting *Posr. v. Court Officer Shield No. 207*, 180 F.3d 409, 411 (2d Cir. 1999)).

**B.    Conditions of Confinement**

As an initial matter, it is unclear whether Plaintiff was a pretrial detainee or was serving a sentence of conviction at the time of the events alleged in the Complaint. If Plaintiff was a convicted prisoner, his claims would be analyzed in the context of the Eighth Amendment. The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429

U.S. 97, 104 (1976).  The Second Circuit, in addressing the needs protected by the Eighth

Amendment, has stated that sentenced prisoners are entitled to "adequate food, clothing,

shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d

Cir.1978), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Lareau v.*

*Manson*, 651 F.2d 96, 106 (2d Cir. 1981).  "To demonstrate that the conditions of his

confinement constitute cruel and unusual punishment, the plaintiff must satisfy both an

objective test and a subjective test." *Jolly v. Coughlin*, 76 F.3d 468, 480 (2d Cir. 1996)

(citation omitted).  To satisfy the objective element, "the plaintiff must demonstrate that the

conditions of his confinement result 'in unquestioned and serious deprivations of basic

human needs.' "  *Id*. (citation omitted).  "Although the Constitution does not mandate a

comfortable prison setting, prisoners are entitled to 'basic human needs—e.g., food, clothing,

shelter, medical care, and reasonable safety.' "  *Brown v. Doe*, No. 13 Civ 8409, 2014 WL

5461815, at *6 (S.D.N.Y. Oct. 28, 2014) (quoting, *inter alia, Rhodes v. Chapman*, 452 U.S.

337, 349 (1981)).  "[T]he inmate must show that the conditions, either alone or in

combination, pose an unreasonable risk of serious damage to his health." *Walker v. Schult*,

717 F.3d 119, 125 (2d Cir. 2013) (citation omitted).

 With respect to the subjective element, Plaintiff must "demonstrate that the

defendants imposed those conditions with 'deliberate indifference.' "  *Jolly*, 76 F.3d at 480

(citation omitted).  "To constitute deliberate indifference, '[t]he prison official must know of,

and disregard, an excessive risk to inmate health or safety.' "  *Walker*, 717 F.3d at 125

(quoting *Jabbar v. Fischer*, 683 F.3d 54, 57 (2d Cir. 2012)).

 Assuming Plaintiff was confined at Ulster C.J. as a pretrial detainee, his claims are

governed by the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eight Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (citation omitted). In the context of excessive force claims asserted by pretrial detainees, the Supreme Court distinguished between Eighth and Fourteenth Amendment claims in holding that a pretrial detainee alleging that an officer used excessive force against him in violation of the Fourteenth Amendment need not demonstrate that such officer was subjectively aware that his use of force was unreasonable. *See Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2470-71 (2015). In *Darnell*, the Second Circuit extended the *Kingsley* standard to a pretrial detainee's allegations related to unconstitutional conditions of confinement. *See Darnell*, 849 F.3d at 35. The Court reasoned, "[u]nlike a violation of the Cruel and Unusual Punishments Clause [of the Eighth Amendment], an official can violate the Due Process Clause of the Fourteenth Amendment without meting out any punishment, which means that the Due Process Clause can be violated when an official does not have subjective awareness that the official's acts (or omissions) have subjected the pretrial detainee to a substantial risk of harm." *Id.* The objective prong of the deliberate indifference claim is the same as a convicted prisoner under the Eighth Amendment. *See Darnell*, 849 F.3d at 30 ("Under both the Eighth and Fourteenth Amendments, to establish an objective deprivation, 'the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health,' which includes the risk of serious damage to 'physical and mental soundness[.]'" (quoting *Walker*, 717 F.3d at 125)).

To establish an unconstitutional condition of confinement, a pretrial detainee must plead that the conditions pose an unreasonable risk of serious damage to his health and that

the defendant "acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *See Darnell*, 849 F.3d at 30-35.

Here, Plaintiff claims that VanBlarcum and Hanstein had a duty to protect Plaintiff's civil rights, were responsible for the employees at Ulster C.J. and failed to adequately train the employees with regard to the use of the ECO-LAB products. *See* Compl. at 3, 4, 6. Plaintiff also alleges that defendants failed to warn him of the potential side effects of the products. *See id.* Under the Fourteenth or the Eighth Amendment standards, Plaintiff's unsupported and conclusory assertions do not plausibly suggest that he was deprived of basic human needs or that the conditions at Ulster C.J. posed an unreasonable risk of serious physical damage to his health. *See Lewal v. Wiley*, 29 F. App'x 26, 29 (2d Cir. 2002) (holding that skin conditions are not "serious medical needs"). Additionally, Plaintiff has not plead facts establishing that VanBlarcum or Hanstein "knew, or should have know, that the condition posed an excessive risk to his safety or that defendants were deliberately indifferent to a serious risk to his health." Indeed, the Complaint is void of facts indicating that defendants were personally involved in the events complained of; nor is there an allegation that defendants, once notified of unconstitutional conduct, failed to remedy the problem. As discussed above, Section 1983 damages will not be imposed based upon a respondeat superior theory of liability. *See Gill v. Mooney*, 824 F.2d 192, 196 (2d Cir. 1987) ("Dismissal of a § 1983 claim is proper where, as here, the plaintiff does no more that allege that [defendant] was in charge of the prison.") (internal quotations omitted).

As such, Plaintiff's claims related to his conditions of confinement are dismissed without prejudice pursuant 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. *See Marks v. Does*, No. C09-5489, 2010 WL 1780759, at *5 (W.D. Wash. Apr. 2, 2010) (dismissing conditions of confinement claim related to chemical contamination of detention center because the "conclusory allegations" did not suggest that the defendants participated in the contract for the building, knew of the dangers inherent in the site of the facility, or intentionally held the plaintiff at the facility despite that knowledge making it "impossible to determine [ . . ] the extent of the[ ] defendants' knowledge, participation or subjective intent[]").

## V.    MOTION FOR APPOINTMENT OF COUNSEL

Turning to Plaintiff's motion for appointment of counsel, courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion:

> [The Court] should first determine whether the indigent's position *See*ms likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)) (internal quotation marks omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather,

12

each case must be decided on its own facts.  *See Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 621).

At this juncture, the Court has found that the Complaint fails to state a claim upon which relief may be granted.  Consequently, until Plaintiff files an Amended Complaint that the Court accepts for service, the Court cannot make the necessary assessment of Plaintiff's claims under the standards promulgated by *Hendricks*.  Therefore, Plaintiff's motion for appointment of counsel (Dkt. No. 4) is denied without prejudice to renew.  It is Plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se.  *See* 28 U.S.C. § 1654; *see also Phillips v. Goord*, No. 08-CV-0957, 2009 WL 909593, at *1, n. 3 (W.D.N.Y. April 1, 2009).

## VI.    CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Clayton is dismissed as a plaintiff herein pursuant to the December Order; and it is further

**ORDERED** that Plaintiff's section 1983 claims for monetary damages against Ulster C.J. are **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; it is further

**ORDERED** that Plaintiff's remaining claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted; it is further

**ORDERED** that, if Plaintiff wishes to proceed with this action he must file an Amended Complaint **within thirty (30) days** of the filing date of this Decision and Order as set forth

13

above; and it is further

ORDERED that, upon the filing of an amended complaint as directed above, the Clerk shall return the file to the Court for further review; and it is further

ORDERED that, in the event Plaintiff fails to file a signed Amended Complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action pursuant to 28 U.S.C. § 1915(e)(2)(B) due to Plaintiff's failure to state a claim upon which relief may be granted and to comply with the terms of this Decision and Order, without further order of this Court; and it is further

ORDERED, that Plaintiff's motion for the appointment of counsel (Dkt. No. 4) is **DENIED**; and it is further

ORDERED that the Clerk of the Court shall serve a copy of the Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

February 8, 2018
Albany, New York

Gary L. Sharpe
U.S. District Judge

14